UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANTE ALLEN

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,
BRIAN O'SHEA, and UNNAMED UNITED
PARCEL SERVICE EMPLOYEES

    Defendants.

04 11510 NMG

MAGISTRATE JUDGE Bowler

RECEIPT # _____
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. CMG
DATE 7-2-04

**PETITION FOR REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446 defendants United Parcel Service, Inc. and Brian O'Shea ("Defendants") hereby remove to this Court the above action pending in the Superior Court Department of the Trial Court, Middlesex County, Massachusetts (the "Action").

Removal of this Action is proper for the following reasons:

1.     On May 11, 2004, plaintiff Dante Allen commenced this action against Defendants in Massachusetts Superior Court in Middlesex County, Massachusetts. True and accurate copies of the Summons, Complaint, Civil Action Cover Sheet, and Tracking Order are filed with this Petition in accordance with 28 U.S.C. § 1446(a) and are attached as Exhibit A.

2.     Plaintiff's Complaint includes claims arising under both state and federal law. In particular, the Plaintiff alleges that his termination and Defendants' actions related to his termination were in violation of a Collective Bargaining Agreement between the parties.

1

Disputes alleging breach of or requiring the interpretation of Collective Bargaining Agreements arise under 29 U.S.C. §185. Hart v. Verizon Communication, Inc., 2004 U.S. Dist. LEXIS 3699, *3 (D. Mass. March 9, 2004), citing Allis Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985) ("When the resolution of claims necessarily requires an interpretation of the terms of the governing collective bargaining agreement, federal jurisdiction is proper.").

3. Removal is thus proper because this court has original jurisdiction over this matter under 29 U.S.C. §185 and 28 U.S.C. §1331. This court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. §1367 and 28 U.S.C. §1441(c).

4. Defendants were served with Plaintiff's Complaint on or after June 4, 2004. Thus, this Petition for Removal is filed with this Court on a timely basis as required by 28 U.S.C. §1446(b), as it is brought within thirty (30) days of the Plaintiff's service of the Complaint upon Defendants.

5. Pursuant to 28 U.S.C §1446(d), Defendants will promptly serve this Petition for Removal upon the Plaintiff and will file the Notice of this Petition for Removal with Middlesex Superior Court on a timely basis.

WHEREFORE, Defendants respectfully request that this Action be removed to this Court from the Superior Court of the Commonwealth of Massachusetts for the County of Middlesex.

UNITED PARCEL SERVICE, INC. and
BRIAN O' SHEA
By their attorneys,

*Pamela D. Meekins*
Susan J. Baronoff, BBO# 030200
Pamela D. Meekins, BBO# 638856
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110
phone: (617)457-4000
fax:  (617)482-3868
e-mail: SBaronoff@murthalaw.com
         PMeekins@murthalaw.com

Date:  July 2, 2004

### CERTIFICATE OF SERVICE

I, Pamela D. Meekins, hereby certify under the pains and penalties of perjury that on July 2, 2004, I served a copy of the above by first class mail, postage prepaid, upon counsel for the plaintiff: Elizabeth Clague, 142 Main St., Suite 304, Brockton, MA 02301.

*Pamela D. Meekins*
Pamela D. Meekins

3

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT
                      RECEIVED                    CAMBRIDGE DIVISION
                                                  CIVIL ACTION
                      JUN 0 7 2004                NO.

                      UPS CORPORATE LEGAL
                      ATLANTA, GA 30328
DANTE ALLEN,                )
        Plaintiff           )
                            )
                            )
VS.                         )        COMPLAINT
                            )
UNITED PARCEL SERVICE,      )
and                         )
BRIAN O'SHEA,               )
and                         )
UNNAMED UNITED PARCEL       )
SERVICE EMPLOYEES,          )
        Defendants          )
                            )

## PARTIES

1. Plaintiff is a resident of Cambridge, Massachusetts.

2. Defendant United Parcel Service is a corporation doing business in Massachusetts which maintains offices and employs workers within the Commonwealth, has committed torts within the Commonwealth, and in other respects maintains sufficient contacts with the Commonwealth to fall within the jurisdiction of this Court pursuant to G.L. c. 223.

3. Brian O'Shea was an employee of Defendant United Parcel Service who committed various tortious acts against the Plaintiff during the transactions and occurrences which are the subject or this Complaint.

1

4. Unnamed United Parcel Service Employees committed various tortious acts against the Plaintiff during the transactions and occurrences which are the subject of this Complaint.

## CLAIMS FOR RELIEF

### Count I.-Wrongful Discharge

1. On or about May 18, 2001, the Defendants terminated Plaintiff from a position he had held for nearly four years.

2. Defendants claimed this termination was due to Plaintiff's conviction of a crime for conduct that was not job related.

3. Defendants knew Plaintiff had not been convicted of a crime and that in fact he had been falsely accused of committing a crime while making a delivery during the course of his employment.

4. Defendants all repeatedly made false statements imputing or suggesting that Plaintiff had committed crimes even though they knew those statements were false and Plaintiff had not committed the crime of which he was accused.

5. On November 14, 2002 a Middlesex Superior Court Jury found Plaintiff not guilty of the crime of which he had been falsely accused by Defendants, the same crime Defendants falsely stated he had been convicted of committing.

6. Defendants, despite their knowledge Plaintiff had not committed the crime, continued to make false statements

2

imputing the commission of the crime to Plaintiff.

7. Defendants, despite their knowledge that Plaintiff had been found not guilty of the crime, continued to make false statements that Plaintiff had been convicted of the crime.

8. Plaintiff was in breach of company policies and his collective bargaining contract wrongfully discharged by the Defendants.

9. Plaintiff repeatedly and pursuant to his collective bargaining agreement grieved the Defendants' violations of said agreement.

10. Said wrongful discharge has caused Plaintiff to suffer lost wages and to incur other financial losses due to its devastating impact on his career.

11. Said wrongful discharge has caused Plaintiff to suffer severe emotional distress.

12. As a result of Defendants' misconduct, Plaintiff has been unable to find a job, pursue business opportunities in his line of work, or otherwise earn a living.

13. As a result of Defendants' misconduct, Plaintiff has suffered great pain in body and mind and has been unable to pursue his normal activities.

14. As a result of Defendants' misconduct, Plaintiff has suffered anguish, humiliation and embarrassment.

3

### Count II.-Breach of Contract

1. The Plaintiff, Dante Allen, realleges all paragraphs of Count One of this Complaint and incorporates the same by reference into this Count.

2. Plaintiff had with Defendants a contract whereby he would perform certain services in exchange for compensation and other benefits.

3. Defendants were bound by the terms of a collective bargaining agreement between them and the Plaintiff.

4. Defendants owed Plaintiff a duty of fair dealing and a duty to adhere to the terms of the contracts.

5. Defendants breached their duties to the Plaintiff when their conduct, by and through their employees and agents, violated the terms of their contracts with the Plaintiff.

6. Said breaches of contract caused Plaintiff to suffer financial losses including but not limited to losses he incurred in reliance on said contracts.

### Count III.-Defamation

1. Plaintiff realleges all paragraphs of Count One and incorporates the same by reference as if fully set forth herein.

2. On or about May 18, 2001 and divers prior and subsequent dates, Defendants and their agents and employees made disparaging and derogatory oral and written statements about Plaintiff to third parties.

3. Included in said statements were allegations that

4

Plaintiff was unfit or incapable of performing in his chosen career.

4. Defendants falsely and maliciously accused Plaintiff of violations of the law and of being untruthful in a written statements published to a third party.

5. Said conduct was defamatory per se.

### Count IV.-Interference With Advantageous Business Relations

1. Plaintiff realleges paragraphs 1-7 of Count One and paragraphs 1-4 of Count Three and incorporates same by reference as if fully set forth herein.

2. Said conduct has interfered with and damaged present and potential business relationships between Plaintiff and others in his business community.

3. As a result, Plaintiff's ability to earn a living has been damaged and he has endured financial losses.

### Count V.-Abuse of Process

1. On or about May 18, 2001 and divers dates Defendants knowingly gave false information about Plaintiff to law enforcement authorities.

2. Plaintiff was forced to undergo a jury trial on charges he had committed a felony and faced the risk of a prison sentence as a result of Defendants' misconduct.

3. Said misconduct by Defendants was designed

5

to prevent Plaintiff from asserting his claims against Defendants, was intended to intimidate Plaintiff and was undertaken for no legitimate reason.

### Count VI-Invasion of Privacy

1. Plaintiff realleges paragraphs 1-4 of Count Three and paragraphs 1-3 of Count Five and incorporates them by reference as if fully set forth herein.

2. Said conduct constituted a series of unreasonable invasions of Plaintiff's privacy in violation of G.L. c. 214 §1B.

3. Plaintiff suffered severe emotional distress as a result of said invasions of his privacy.

### Count VII.-Outrage/Intentional

1. Plaintiff realleges paragraphs 1-5 of Count Three, and paragraphs 1-3 of Count Five, and incorporates them by reference as if fully set forth herein.

2. Defendants wilfully, recklessly, knowingly and intentionally inflicted emotional distress upon Plaintiff.

3. As a result, Plaintiff has suffered severe emotional distress.

### Count VIII.-Outrage/Negligent

1. Plaintiff realleges paragraphs 1-5 of Count Three and paragraphs 1-3 of Count Five, and incorporates them by reference as if fully set forth herein.

2. Defendants have negligently inflicted emotional

6

distress upon Plaintiff.

3. As a result, Plaintiff has suffered severe emotional distress.

WHEREFORE the Plaintiff, Dante Allen, demands judgment against the Defendants, in an amount to be determined by this litigation, together with interest and costs, on all counts and as to all issues.

### JURY AND ATTORNEYS FEES DEMAND

The Plaintiff, Dante Allen, respectfully demands a trial by jury in this matter to the full extent provided by law, and that his costs and attorneys fees be paid by the Defendants to the extent permitted by law.

Respectfully submitted,
Dante Allen
By his Attorney,

Elizabeth M. Clague
The Kennedy Building
142 Main Street, Ste. 304
Brockton, MA 02301
(508) 587-1191
FAX (508) 587-0992
BBO# 632341

DATED: 5/7/04.

7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Dante Allen v. United Parcel Service__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐  NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐  NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐  NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐  NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒  NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐  NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Pamela D. Meekins__
ADDRESS __Murtha Cullina LLP, 99 High Street, 20th Floor, Boston, MA 02110__
TELEPHONE NO. __(617) 457-4000__

(Coversheetlocal.wpd - 10/17/02)

%JS 44  (Rev. 3/99)                           CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Allen, Dante

**DEFENDANTS**

United Parcel Service, Inc. and O'Shea, Brian and Unnamed UPS Employees

(b) County of Residence of First Listed Plaintiff  **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Clague, Elizabeth M. (BBO#632341)
142 Main Street, Suite 304
Brockton, MA 02301

Attorneys (If Known) Pamela Meekins (BBO#638856)
Susan J. Baronoff (BBO# 030200)
Murtha Cullina LLP, 99 High Street,
Boston, MA 02110

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff alleges wrongful discharge in breach of a collective bargaining agreement, breach of the parties' collective bargaining agreement, as well as defamation, interference with advantageous business relations, and other tort claims arising from plaintiff's termination of employment.

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $245,000    CHECK YES only if demanded in complaint:   JURY DEMAND:  ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____