UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANTE ALLEN,

    Plaintiff,

v.

UNITED PARCEL SERVICE,
BRIAN O'SHEA, and UNNAMED UNITED
PARCEL SERVICE EMPLOYEES,

    Defendants.

04-11510-NMG

## ANSWER OF DEFENDANT UNITED PARCEL SERVICE

1. Defendant United Parcel Service ("UPS") is without sufficient knowledge to admit or deny the allegations contained in this paragraph of the Complaint.

2. Defendant UPS admits that it is a corporation doing business in Massachusetts which maintains offices and employs workers within the Commonwealth and that it maintains sufficient contacts with the Commonwealth to fall within the jurisdiction of this Court pursuant to Mass. Gen. L. ch. 223, but denies that it has committed torts within the Commonwealth.

3. Defendant UPS admits that Brian O'Shea was, and continues to be, an employee of UPS, but denies the remaining allegations contained in this paragraph of the Complaint.

4. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

### CLAIMS FOR RELIEF

#### Count I. Wrongful Discharge

1. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

2. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

3. Defendant UPS admits that, after Plaintiff's trial, it was aware that Plaintiff was not convicted, but denies the remaining allegations contained in this paragraph of the Complaint.

4. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

5. Defendant UPS admits that it learned that a Middlesex County jury found Plaintiff not guilty of the crime of which he was accused, but denies the remaining allegations contained in this paragraph of the Complaint.

6. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

7. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

8. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

9. Defendant UPS admits that Plaintiff filed a grievance, but denies the remaining allegations contained in this paragraph of the Complaint.

10. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

11. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

12. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

13. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

14. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

## Count II—Breach of Contract

1. Defendant UPS incorporates by reference its responses to introductory paragraphs 1-4 and to paragraphs 1-14 of Count One.

2. Defendant UPS admits that it had an employment relationship with the Plaintiff.

3. Defendant UPS admits that UPS and the Plaintiff were bound by the terms of a collective bargaining agreement between UPS and Plaintiff's union, but denies the remaining allegations contained in this paragraph of the Complaint.

4. Defendant UPS states that the allegation contained in this paragraph is a legal conclusion, and, accordingly, no response is required.

5. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

6. Defendant UPS denies that it breached any contract with the Plaintiff, and denies the remaining allegations contained in this paragraph of the Complaint.

### Count III—Defamation

1. Defendant UPS incorporates by reference its responses to all paragraphs of Count One.

2. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

3. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

4. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

5. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

### Count IV—Interference with Advantageous Business Relations

1. Defendant UPS incorporates by reference its responses to paragraphs 1-7 of Count One and paragraphs 1-4 of Count Three.

2. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

3. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

### Count V—Abuse of Process

1. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

2. Defendant UPS admits that Plaintiff was a defendant in a jury trial on charges he had committed a felony and faced the risk of a prison sentence, but denies the remaining allegations contained in this paragraph of the Complaint.

3. Defendant UPS denies the allegations contained in this paragraph of the Complaint.

### Count VI—Invasion of Privacy

1.  Defendant UPS incorporates by reference its responses to paragraphs 1-4 of Count Three and paragraphs 1-3 of Count Five.

2.  Defendant UPS denies the allegations contained in this paragraph of the Complaint.

3.  Defendant UPS denies the allegations contained in this paragraph of the Complaint.

### Count VII—Outrage/Intentional

1.  Defendant UPS incorporates by reference its responses to paragraphs 1-5 of Count Three and paragraphs 1-3 of Count Five.

2.  Defendant UPS denies the allegations contained in this paragraph of the Complaint.

3.  Defendant UPS denies the allegations contained in this paragraph of the Complaint.

### Count VIII—Outrage/Negligent

1.  Defendant UPS incorporates by reference its responses to paragraphs 1-5 of Count Three and paragraphs 1-3 of Count Five.

2.  Defendant UPS denies the allegations contained in this paragraph of the Complaint.

3.  Defendant UPS denies the allegations contained in this paragraph of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims require the interpretation of a collective bargaining agreement governing the employment relationship between the parties and are therefore preempted by Section 301(a) of the Labor Management Relations Act.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the Massachusetts Workers' Compensation Act.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of the statements upon which Plaintiff bases his claims were truthful statements of fact or were statements of opinion.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of the statements or actions upon which Plaintiff bases his claims were privileged.

UNITED PARCEL SERVICE, INC.
By its attorneys,

*Pamela D. Meekins*
Susan J. Baronoff (BBO# 030200)
Pamela D. Meekins (BBO# 638856)
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110
phone: (617) 457-4000
fax: (617) 482-3868

Dated: July 8, 2004

## CERTIFICATE OF SERVICE

I, Pamela Meekins, an attorney for Defendant UPS, hereby certify that on July 8, 2004 a copy of the Answer of United Parcel Service, Inc. was served, via first-class mail, on all parties of record.

*Pamela D. Meekins*
Pamela D. Meekins