UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANTE ALLEN,

    Plaintiff,

v.

UNITED PARCEL SERVICE,
BRIAN O'SHEA, and UNNAMED UNITED
PARCEL SERVICE EMPLOYEES,

    Defendant.

04-11510-NMG

## ANSWER OF DEFENDANT BRIAN O' SHEA

1. Defendant Brian O'Shea ("O'Shea") is without sufficient knowledge to admit or deny the allegations in this paragraph of the Complaint.

2. Defendant O'Shea states that the allegations contained in this paragraph are directed towards co-defendant United Parcel Service, Inc. ("UPS"), and, accordingly, no response by Mr. O'Shea is required.

3. Defendant O'Shea admits that he was, and is, an employee of UPS, but denies the remaining allegations in this paragraph of the Complaint.

4. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

### CLAIMS FOR RELIEF

#### Count I. Wrongful Discharge

1. Defendant O'Shea is without sufficient knowledge to admit or deny the allegations contained in this paragraph of the Complaint.

2. Defendant O'Shea is without sufficient knowledge to admit or deny the allegations contained in this paragraph of the Complaint.

3. Defendant O'Shea admits that, after Plaintiff's trial, he was aware that Plaintiff was not convicted, but denies the remaining allegations contained in this paragraph of the Complaint.

4. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

5. Defendant O'Shea admits that he learned that a Middlesex County jury found Plaintiff not guilty of the crime of which he was accused, but denies the remaining allegations contained in this paragraph of the Complaint.

6. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

7. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

8. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

9. Defendant O'Shea is without sufficient knowledge to admit or deny the allegations contained in this paragraph of the Complaint.

10. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

11. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

12. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

13. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

14. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

Count II—Breach of Contract

1. Defendant O'Shea incorporates by reference his responses to introductory paragraphs 1-4 and to paragraphs 1-14 of Count One.

2. Defendant O'Shea denies that Plaintiff had any contract with him specifically, but admits that Plaintiff had an employment relationship with UPS.

3. Defendant O'Shea admits that UPS and the Plaintiff were bound by the terms of a collective bargaining agreement between UPS and Plaintiff's union, but denies the remaining allegations contained in this paragraph of the Complaint.

4. Defendant O'Shea states that the allegation contained in this paragraph is a legal conclusion, and, accordingly, no response is required.

5. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

6. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

### Count III—Defamation

1. Defendant O'Shea incorporates by reference his responses to all paragraphs of Count One.

2. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

3. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

4. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

5. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

### Count IV—Interference with Advantageous Business Relations

1. Defendant O'Shea incorporates by reference his responses to paragraphs 1-7 of Count One and paragraphs 1-4 of Count Three.

2. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

3. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

### Count V—Abuse of Process

1. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

2. Defendant O'Shea admits that Plaintiff was a defendant in a jury trial on charges he had committed a felony and faced the risk of a prison sentence, but denies the remaining allegations in this paragraph of the Complaint.

3. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

### Count VI—Invasion of Privacy

1. Defendant O'Shea incorporates by reference his responses to paragraphs 1-4 of Count Three and paragraphs 1-3 of Count Five.

2. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

3. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

### Count VII—Outrage/Intentional

1. Defendant O'Shea incorporates by reference his responses to paragraphs 1-5 of Count Three and paragraphs 1-3 of Count Five.

2. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

3. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

### Count VIII—Outrage/Negligent

1. Defendant O'Shea incorporates by reference his responses to paragraphs 1-5 of Count Three and paragraphs 1-3 of Count Five.

2. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

3. Defendant O'Shea denies the allegations contained in this paragraph of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims require the interpretation of a collective bargaining agreement governing the employment relationship between the parties and are therefore preempted by Section 301(a) of the Labor Management Relations Act.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the Massachusetts Workers' Compensation Act.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of the statements upon which Plaintiff bases his claims were truthful statements of fact or were statements of opinion.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of the statements or actions upon which Plaintiff bases his claims were privileged.

BRIAN O'SHEA
By his attorneys,

*Pamela D. Meekins*
Susan J. Baronoff (BBO# 030200)
Pamela D. Meekins (BBO# 638856)
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110
phone: (617) 457-4000
fax: (617) 482-3868

Dated: July 8, 2004

## CERTIFICATE OF SERVICE

I, Pamela Meekins, an attorney for Brian O'Shea, hereby certify that on July 8, 2004 a copy of the Answer of United Parcel Service, Inc. was served, via first-class mail, on all parties of record.

*Pamela D. Meekins*
Pamela D. Meekins