**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2004-01955

I, Karen O'Connor, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 10th of May in the year of our Lord, Two Thousand Four



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 15th of July, in the year of our Lord, Two Thousand Four

_Karen A. O'Connor_
Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT DEPARTMENT
C.A. NO. 2004-01955

DANTE ALLEN )
)
Plaintiff, )
)
)
v. )
)
UNITED PARCEL SERVICE, INC., )
BRIAN O'SHEA, and UNNAMED UNITED )
PARCEL SERVICE EMPLOYEES )
)
Defendants. )
)
)



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

JUL 06 2004

CLERK

## NOTICE OF FILING OF PETITION FOR REMOVAL

Please take notice that on July 2, 2004, defendants United Parcel Service, Inc. and Brian

O' Shea filed in the United States District Court for the District of Massachusetts a petition for

removal of the above action pursuant to U.S.C. §§1441(b) and 1446(b). Attached is a certified

copy of the Petition for Removal. Accordingly, pursuant to 28 U.S.C. §1446, this action has

been removed and the Superior Court may proceed no further unless and until the case is

remanded.

UNITED PARCEL SERVICE, INC. and
BRIAN O' SHEA
By their attorneys,

Susan J. Baronoff, BBO #030200
Pamela D. Meekins, BBO #638856
Murtha Cullina LLP
99 High Street, 20th Floor

Boston, MA 02110
(617) 457-4000
Dated: July 2, 2004

## CERTIFICATE OF SERVICE

I, Pamela D. Meekins, hereby certify under the pains and penalties of perjury that on July 2, 2004, I served a copy of the above by first class mail, postage prepaid, upon counsel for the plaintiff: Elizabeth Clague, 142 Main St., Suite 304, Brockton, MA 02301.

*Pamela D. Meekins*
Pamela D. Meekins



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANTE ALLEN | ) MAGISTRATE JUDGE _Bowler_ |
| Plaintiff, | ) |
| | ) **04  11510 NMG** |
| v. | ) |
| | ) |
| UNITED PARCEL SERVICE, INC., | ) |
| BRIAN O'SHEA, and UNNAMED UNITED | ) |
| PARCEL SERVICE EMPLOYEES | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PETITION FOR REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446 defendants United Parcel Service, Inc. and Brian O'Shea ("Defendants") hereby remove to this Court the above action pending in the Superior Court Department of the Trial Court, Middlesex County, Massachusetts (the "Action").

Removal of this Action is proper for the following reasons:

1.    On May 11, 2004, plaintiff Dante Allen commenced this action against Defendants in Massachusetts Superior Court in Middlesex County, Massachusetts. True and accurate copies of the Summons, Complaint, Civil Action Cover Sheet, and Tracking Order are filed with this Petition in accordance with 28 U.S.C. § 1446(a) and are attached as Exhibit A.

2.    Plaintiff's Complaint includes claims arising under both state and federal law. In particular, the Plaintiff alleges that his termination and Defendants' actions related to his termination were in violation of a Collective Bargaining Agreement between the parties.

1

Disputes alleging breach of or requiring the interpretation of Collective Bargaining Agreements arise under 29 U.S.C. §185. Hart v. Verizon Communication, Inc., 2004 U.S. Dist. LEXIS 3699, *3 (D. Mass. March 9, 2004), *citing* Allis Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985) ("When the resolution of claims necessarily requires an interpretation of the terms of the governing collective bargaining agreement, federal jurisdiction is proper.").

3.     Removal is thus proper because this court has original jurisdiction over this matter under 29 U.S.C. §185 and 28 U.S.C. §1331. This court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. §1367 and 28 U.S.C. §1441(c).

4.     Defendants were served with Plaintiff's Complaint on or after June 4, 2004. Thus, this Petition for Removal is filed with this Court on a timely basis as required by 28 U.S.C. §1446(b), as it is brought within thirty (30) days of the Plaintiff's service of the Complaint upon Defendants.

5.     Pursuant to 28 U.S.C §1446(d), Defendants will promptly serve this Petition for Removal upon the Plaintiff and will file the Notice of this Petition for Removal with Middlesex Superior Court on a timely basis.

     WHEREFORE, Defendants respectfully request that this Action be removed to this Court from the Superior Court of the Commonwealth of Massachusetts for the County of Middlesex.

UNITED PARCEL SERVICE, INC. and
BRIAN O' SHEA
By their attorneys,

*Pamela D. Meekins*

Susan J. Baronoff, BBO# 030200
Pamela D. Meekins, BBO# 638856
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110
phone: (617)457-4000
fax: (617)482-3868
e-mail: SBaronoff@murthalaw.com
         PMeekins@murthalaw.com

Date:  July 2, 2004

## CERTIFICATE OF SERVICE

I, Pamela D. Meekins, hereby certify under the pains and penalties of perjury that on July 2, 2004,  I served a copy of the above by first class mail, postage prepaid, upon counsel for the plaintiff:  Elizabeth Clague, 142 Main St., Suite 304, Brockton, MA 02301.

*Pamela D. Meekins*

Pamela D. Meekins

3

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County:___ |
|---|---|---|

**PLAINTIFF(S)**
Dante Allen

**DEFENDANT(S)**
United Parcel Service; Brian O'Shea; Unnamed UPS Employees

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** 508-587-1191
Elizabeth M. Clague, Atty At Law
42 Main St., Ste. 304 Brockton 02301
Board of Bar Overseers number: 632341

**ATTORNEY (if known)**
Murtha Cullina, LLP

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B15 | Defam/WrongDisc/Tort | ( A ) | ( X )Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............ $..........
2. Total Doctor expenses ............ $..........
3. Total chiropractic expenses ............ $..........
4. Total physical therapy expenses ............ $..........
5. Total other expenses (describe) ............ $..........
   Subtotal $..........
B. Documented lost wages and compensation to date ............ $100,000.00
C. Documented property damages to date ............ $..........
D. Reasonably anticipated future medical and hospital expenses ............ $20,000.00
E. Reasonably anticipated lost wages ............ $50,000.00
F. Other documented items of damages (describe)
   $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   Damage to reputation, humiliation, emotional distress.

   $..........
   TOTAL $179,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

   Wrongful discharge in violation of public policy.

   TOTAL $75,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules of Dispute Resolution (SJC Rule 1:78) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 5/07/04

AOTC-6 mtc005-11/99

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                RECEIVED            SUPERIOR COURT
                                                 CAMBRIDGE DIVISION
                              JUN 0 7 2004        CIVIL ACTION
                                                 NO.
                          UPS CORPORATE LEGAL
                            ATLANTA, GA 30328
_____ )
DANTE ALLEN,                    )
          Plaintiff             )
                                )
                                )
VS.                             )
                                )                **COMPLAINT**
UNITED PARCEL SERVICE,          )
and                             )
BRIAN O' SHEA,                  )
and                             )
UNNAMED UNITED PARCEL           )
SERVICE EMPLOYEES,              )
          Defendants            )
_____ )

### PARTIES

1.    Plaintiff is a resident of Cambridge,
Massachusetts.

2.    Defendant United Parcel Service is a corporation
doing business in Massachusetts which maintains offices and employs
workers within the Commonwealth, has committed torts within the
Commonwealth, and in other respects maintains sufficient contacts
with the Commonwealth to fall within the jurisdiction of this Court
pursuant to G.L. c. 223.

3.    Brian O' Shea was an employee of Defendant United
Parcel Service who committed various tortious acts against the
Plaintiff during the transactions and occurrences which are the
subject or this Complaint.

1

4.    Unnamed United Parcel Service Employees committed various tortious acts against the Plaintiff during the transactions and occurrences which are the subject of this Complaint.

## CLAIMS FOR RELIEF

## Count I.-Wrongful Discharge

1.    On or about May 18, 2001, the Defendants terminated Plaintiff from a position he had held for nearly four years.

2.    Defendants claimed this termination was due to Plaintiff's conviction of a crime for conduct that was not job related.

3.    Defendants knew Plaintiff had not been convicted of a crime and that in fact he had been falsely accused of committing a crime while making a delivery during the course of his employment.

4.    Defendants all repeatedly made false statements imputing or suggesting that Plaintiff had committed crimes even though they knew those statements were false and Plaintiff had not committed the crime of which he was accused.

5.    On November 14, 2002 a Middlesex Superior Court Jury found Plaintiff not guilty of the crime of which he had been falsely accused by Defendants, the same crime Defendants falsely stated he had been convicted of committing.

6.    Defendants, despite their knowledge Plaintiff had not committed the crime, continued to make false statements

2

imputing the commission of the crime to Plaintiff.

7. Defendants, despite their knowledge that Plaintiff had been found not guilty of the crime, continued to make false statements that Plaintiff had been convicted of the crime.

8. Plaintiff was in breach of company policies and his collective bargaining contract wrongfully discharged by the Defendants.

9. Plaintiff repeatedly and pursuant to his collective bargaining agreement grieved the Defendants' violations of said agreement.

10. Said wrongful discharge has caused Plaintiff to suffer lost wages and to incur other financial losses due to its devastating impact on his career.

11. Said wrongful discharge has caused Plaintiff to suffer severe emotional distress.

12. As a result of Defendants' misconduct, Plaintiff has been unable to find a job, pursue business opportunities in his line of work, or otherwise earn a living.

13. As a result of Defendants' misconduct, Plaintiff has suffered great pain in body and mind and has been unable to pursue his normal activities.

14. As a result of Defendants' misconduct, Plaintiff has suffered anguish, humiliation and embarrassment.

3

## Count II.-Breach of Contract

1. The Plaintiff, Dante Allen, realleges all paragraphs of Count One of this Complaint and incorporates the same by reference into this Count.

2. Plaintiff had with Defendants a contract whereby he would perform certain services in exchange for compensation and other benefits.

3. Defendants were bound by the terms of a collective bargaining agreement between them and the Plaintiff.

4. Defendants owed Plaintiff a duty of fair dealing and a duty to adhere to the terms of the contracts.

5. Defendants breached their duties to the Plaintiff when their conduct, by and through their employees and agents, violated the terms of their contracts with the Plaintiff.

6. Said breaches of contract caused Plaintiff to suffer financial losses including but not limited to losses he incurred in reliance on said contracts.

## Count III.-Defamation

1. Plaintiff realleges all paragraphs of Count One and incorporates the same by reference as if fully set forth herein.

2. On or about May 18, 2001 and divers prior and subsequent dates, Defendants and their agents and employees made disparaging and derogatory oral and written statements about Plaintiff to third parties.

3. Included in said statements were allegations that

4

Plaintiff was unfit or incapable of performing in his chosen career.

4. Defendants falsely and maliciously accused Plaintiff of violations of the law and of being untruthful in a written statements published to a third party.

5. Said conduct was defamatory per se.

## Count IV.-Interference With Advantageous Business Relations

1. Plaintiff realleges paragraphs 1-7 of Count One and paragraphs 1-4 of Count Three and incorporates same by reference as if fully set forth herein.

2. Said conduct has interfered with and damaged present and potential business relationships between Plaintiff and others in his business community.

3. As a result, Plaintiff's ability to earn a living — has been damaged and he has endured financial losses.

## Count V.-Abuse of Process

1. On or about May 18, 2001 and divers dates Defendants knowingly gave false information about Plaintiff to law enforcement authorities.

2. Plaintiff was forced to undergo a jury trial on charges he had committed a felony and faced the risk of a prison sentence as a result of Defendants' misconduct.

3. Said misconduct by Defendants was designed

5

to prevent Plaintiff from asserting his claims against Defendants, was intended to intimidate Plaintiff and was undertaken for no legitimate reason.

## Count VI-Invasion of Privacy

1.    Plaintiff realleges paragraphs 1-4 of Count Three and paragraphs 1-3 of Count Five and incorporates them by reference as if fully set forth herein.

2.    Said conduct constituted a series of unreasonable invasions of Plaintiff's privacy in violation of G.L. c. 214 §1B.

3.    Plaintiff suffered severe emotional distress as a result of said invasions of his privacy.

## Count VII.-Outrage/Intentional

1.    Plaintiff realleges paragraphs 1-5 of Count Three, and paragraphs 1-3 of Count Five, and incorporates them by reference as if fully set forth herein.

2.    Defendants wilfully, recklessly, knowingly and intentionally inflicted emotional distress upon Plaintiff.

3.    As a result, Plaintiff has suffered severe emotional distress.

## Count VIII.-Outrage/Negligent

1.    Plaintiff realleges paragraphs 1-5 of Count Three and paragraphs 1-3 of Count Five, and incorporates them by reference as if fully set forth herein.

2.    Defendants have negligently inflicted emotional

6

**Commonwealth of Massachusetts**
County of Middlesex
The Superior Court

CIVIL DOCKET# **MICV2004-01955-A**

RE:  **Allen v United Parcel Service et al**

TO:Elizabeth M Clague, Esquire
142 Main Street
The Kennedy Building Suite 304
Brockton, MA 02301

### TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 08/08/2004 |
| Response to the complaint filed (also see MRCP 12) | 10/07/2004 |
| All motions under MRCP 12, 19, and 20 filed | 10/07/2004 |
| All motions under MRCP 15 filed | 08/03/2005 |
| All discovery requests and depositions completed | 06/29/2006 |
| All motions under MRCP 56 served and heard | 08/28/2006 |
| Final pre-trial conference held and firm trial date set | 12/26/2006 |
| Case disposed | 05/10/2007 |

The final pre-trial deadline is **not the scheduled date of the conference.**  You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session **A** sitting **in Rm 12A (Cambridge), Middlesex Superior Court.**

Dated: 05/11/2004

Edward J. Sullivan
Clerk of the Courts

BY: Brian Burke
Assistant Clerk

Location: Rm 12A (Cambridge)
Telephone: 617-494-4010 EXT 4341

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CAMBRIDGE DIVISION
CIVIL ACTION
NO. **04-1955**

DANTE ALLEN,                    )
        Plaintiff     )
                    )
                    )
VS.                             )
                    )      **COMPLAINT**
UNITED PARCEL SERVICE, )
and                             )
BRIAN O'SHEA,                   )
and                             )
UNNAMED UNITED PARCEL )
SERVICE EMPLOYEES,     )
        Defendants    )

FILED
IN THE OFFICE
CLERK OF THE
FOR THE COU... ...RTS
... ...OF MIDDLESEX
MAY 10 2004
CLERK

05/10/04 12:32#0000 6913 CLERK E
    CIVIL       240.00
    SURCHARGE   15.00
    SECC       20.00
    041955 #
    SUBTTL    275.00
    TOTAL **275.00**
    CHECK     275.00

## PARTIES

1.    Plaintiff is a resident of Cambridge, Massachusetts.

2.    Defendant United Parcel Service is a corporation doing business in Massachusetts which maintains offices and employs workers within the Commonwealth, has committed torts within the Commonwealth, and in other respects maintains sufficient contacts with the Commonwealth to fall within the jurisdiction of this Court pursuant to G.L. c. 223.

3.    Brian O'Shea was an employee of Defendant United Parcel Service who committed various tortious acts against the Plaintiff during the transactions and occurrences which are the subject or this Complaint.

1

4.    Unnamed United Parcel Service Employees committed various tortious acts against the Plaintiff during the transactions and occurrences which are the subject of this Complaint.

## CLAIMS FOR RELIEF

### Count I.-Wrongful Discharge

1.    On or about May 18, 2001, the Defendants terminated Plaintiff from a position he had held for nearly four years.

2.    Defendants claimed this termination was due to Plaintiff's conviction of a crime for conduct that was not job related.

3.    Defendants knew Plaintiff had not been convicted of a crime and that in fact he had been falsely accused of committing a crime while making a delivery during the course of his employment.

4.    Defendants all repeatedly made false statements imputing or suggesting that Plaintiff had committed crimes even though they knew those statements were false and Plaintiff had not committed the crime of which he was accused.

5.    On November 14, 2002 a Middlesex Superior Court Jury found Plaintiff not guilty of the crime of which he had been falsely accused by Defendants, the same crime Defendants falsely stated he had been convicted of committing.

6.    Defendants, despite their knowledge Plaintiff had not committed the crime, continued to make false statements

2

imputing the commission of the crime to Plaintiff.

7.   Defendants, despite their knowledge that Plaintiff had been found not guilty of the crime, continued to make false statements that Plaintiff had been convicted of the crime.

8.   Plaintiff was in breach of company policies and his collective bargaining contract wrongfully discharged by the Defendants.

9.   Plaintiff repeatedly and pursuant to his collective bargaining agreement grieved the Defendants' violations of said agreement.

10.   Said wrongful discharge has caused Plaintiff to suffer lost wages and to incur other financial losses due to its devastating impact on his career.

11.   Said wrongful discharge has caused Plaintiff to suffer severe emotional distress.

12.   As a result of Defendants' misconduct, Plaintiff has been unable to find a job, pursue business opportunities in his line of work, or otherwise earn a living.

13.   As a result of Defendants' misconduct, Plaintiff has suffered great pain in body and mind and has been unable to pursue his normal activities.

14.   As a result of Defendants' misconduct, Plaintiff has suffered anguish, humiliation and embarrassment.

## Count II.-Breach of Contract

1.    The Plaintiff, Dante Allen, realleges all paragraphs of Count One of this Complaint and incorporates the same by reference into this Count.

2.    Plaintiff had with Defendants a contract whereby he would perform certain services in exchange for compensation and other benefits.

3.    Defendants were bound by the terms of a collective bargaining agreement between them and the Plaintiff.

4.    Defendants owed Plaintiff a duty of fair dealing and a duty to adhere to the terms of the contracts.

5.    Defendants breached their duties to the Plaintiff when their conduct, by and through their employees and agents, violated the terms of their contracts with the Plaintiff.

6.    Said breaches of contract caused Plaintiff to suffer financial losses including but not limited to losses he incurred in reliance on said contracts.

## Count III.-Defamation

1.    Plaintiff realleges all paragraphs of Count One and incorporates the same by reference as if fully set forth herein.

2.    On or about May 18, 2001 and divers prior and subsequent dates, Defendants and their agents and employees made disparaging and derogatory oral and written statements about Plaintiff to third parties.

3.    Included in said statements were allegations that

4

distress upon Plaintiff.

3.    As a result, Plaintiff has suffered severe emotional distress.

WHEREFORE the Plaintiff, Dante Allen, demands judgment against the Defendants, in an amount to be determined by this litigation, together with interest and costs, on all counts and as to all issues.

## JURY AND ATTORNEYS FEES DEMAND

The Plaintiff, Dante Allen, respectfully demands a trial by jury in this matter to the full extent provided by law, and that his costs and attorneys fees be paid by the Defendants to the extent permitted by law.

Respectfully submitted,
Dante Allen
By his Attorney,

Elizabeth M. Clague
The Kennedy Building
142 Main Street, Ste. 304
Brockton, MA 02301
(508) 587-1191
FAX (508) 587-0992
BBO# 632341

DATED: 5/7/04.

| CIVIL ACTION COVER SHEET | DOCKET NO(s). **04-1955** | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Dante Allen | United Parcel Service; Brian O'Shea; Unnamed UPS Employees |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 508-587-1191<br>Elizabeth M. Clague, Atty At Law<br>142 Main St., Ste. 304 Brockton 02301<br>Board of Bar Overseers number: 632341 | ATTORNEY (if known)<br>Murtha Cullina, LLP |
|---|---|

### Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B15 | Defam/WrongDisc/Tort | ( A ) | ( X ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .

*FILED THE OFFICE OF THE ... COURTS ... MAY 10 2004 ... CLERK*

Subtotal $. . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . $.1 00,000.00.
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . $.20,000.00.
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . $.50,000.00.
F. Other documented items of damages (describe)

$. . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Damage to reputation, humiliation, emotional distress.

$. . . . . . . . . . .

**TOTAL $.170,000.00.**

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Wrongful discharge in violation of public policy.

**TOTAL $.75,000.00.**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 5/07/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

MAS-20031124
gilmanr

Case 1:04-cv-11510-NMG   Document 5   Filed 07/22/2004   Page 23 of 24

Commonwealth of Massachusetts

07/15/2004
11:04 AM

**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# MICV2004-01955
## Allen v United Parcel Service et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 05/10/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 07/06/2004 | **Session** | A - Cv A (12A Cambridge) | | |
| **Origin** | 1 | **Case Type** | B15 - Defamation/libel/slander | | |
| **Lead Case** | | **Track** | A | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 08/08/2004 | **Answer** | 10/07/2004 | **Rule12/19/20** | 10/07/2004 |
| **Rule 15** | 08/03/2005 | **Discovery** | 06/29/2006 | **Rule 56** | 08/28/2006 |
| **Final PTC** | 12/26/2006 | **Disposition** | 05/10/2007 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Dante Allen
Active 05/10/2004

**Private Counsel 632341**
Elizabeth M Clague
142 Main Street
The Kennedy Building Suite 304
Brockton, MA 02301
Phone: 508-587-1191
Fax: 508-587-0992
Active 05/10/2004 Notify

**Defendant**
United Parcel Service
Served: 06/04/2004
Served (answr pending) 06/16/2004

**Private Counsel 030200**
Susan J Baronoff
Murtha Cullina LLP
99 High Street
20th floor
Boston, MA 02110
Phone: 617-451-9300
Fax: 617-482-3868
Active 07/06/2004 Notify

**Private Counsel 638856**
Pamela D Meekins
Murtha Cullina LLP
99 High Street
20th Floor
Boston, MA 02110-2320
Phone: 617-457-4000
Fax: 617-482-3868
Active 07/06/2004 Notify

**Defendant**
Brian O'Shea
Served: 06/10/2004
Served (answr pending) 06/16/2004

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## MICV2004-01955
### Allen v United Parcel Service et al

| Defendant |
|---|
| Unnamed United Parcel Service Employees |
| Service pending 05/10/2004 |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/10/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 05/10/2004 | | Origin 1, Type B15, Track A. |
| 06/16/2004 | 2.0 | SERVICE RETURNED: United Parcel Service(Defendant)  6/4/04   in hd |
| 06/16/2004 | 3.0 | SERVICE RETURNED: Brian O'Shea(Defendant)  6/10/04 |
| 07/06/2004 | 4.0 | Case REMOVED this date to US District Court of Massachusetts  by deft United Parcel Service, Inc |
| 07/06/2004 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |